UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JA'KOBE MOYE, FREDERICK
MONROE, JOHN BECKER, GREG
WILLIAMS, THOMAS J. RICHARDS,
JR. , MICAH J. JOHNSON, DAVID
HARPER, CHARLES J. ENGELKEN,
SEAN A. TAYLOR and DAVON
FRANCIS,

    Plaintiffs,

v.                                                       Case No: 6:20-cv-755-Orl-18DCI

WAYNE IVEY,

    Defendant.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiffs' civil right complaint (Doc. 1), filed pursuant to 42 U.S.C. § 1983. The Complaint was filed by ten Plaintiffs, who each signed a page in the complaint (Doc. 1 at 3), and one Plaintiff, Ja'Kobe Moye, signed an Application for Determination of Civil indigent Status. (Doc. 2).

In *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001), the Eleventh Circuit considered "whether the Prison Litigation Reform Act [("PLRA")] permits multi-plaintiff *in forma pauperis* civil actions." Explaining "that the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation," *id.* (citing *Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997)), the Eleventh Circuit "conclude[d] . . . that the PLRA clearly and unambiguously requires that

'if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee.'" *Id.* at 1197 (quoting 28 U.S.C. § 1915(b)(1)). Thus, the PLRA requires each prisoner, individually, to pay the full amount of the filing fee.

Allowing the instant case to move forward as a multi-plaintiff action would permit Plaintiffs to divide the filing fee between themselves in contravention of the PLRA's unambiguous requirement that each pay the filing fee individually. Therefore, the Plaintiffs, proceeding *pro se* in this case, may not continue this action jointly.

Accordingly, it is **ORDERED** that this case is **DISMISSED without prejudice**. Each Plaintiff may file a new complaint, in a new case, with a new case number, that does not improperly join other plaintiffs or parties in their cause of action. The Clerk is directed to **CLOSE THIS CASE**.

DONE and ORDERED in Orlando, Florida on June 15, 2020.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties
OrlP-4 6/12

2